UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
**UNITED STATES OF AMERICA,** )
                            )
    v.                       )
                            )   Criminal Action No. 11-39-1 (RWR)
**RICARDO HUNTER,**           )
                            )
    Defendant.               )
_____ )

## MEMORANDUM ORDER

Defendant Ricardo Hunter pled guilty to two counts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, one count of attempted armored car robbery while armed, in violation of 18 U.S.C. § 2113(a), (d), and one count of using, carrying, and possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Hunter was sentenced to a total of 180 months imprisonment, and ordered to repay $35,157.27 in restitution[1] and make payments on the restitution through his participation in the Bureau of Prisons' ("BOP") Inmate Financial Responsibility Program ("IFRP"). Hunter moves to vacate the restitution order or suspend his monthly restitution obligation.[2] He argues that the restitution order

---

[1] Hunter was ordered to pay restitution in the amount of $6,833.00 to Old Town Trolley Tours and $28,324.27 to Garda Cash Logistics.

[2] Hunter also moves to expunge his $400 "fine" obligation. The "court [found] that [Hunter did] not have the ability to pay a fine and, therefore, waive[d] imposition of a fine in this case." J. in a Criminal Case at 5. However, Hunter was ordered

was improper because his ability to pay was not assessed before restitution was imposed. He further argues that his restitution obligation should be deferred because he is indigent and unable to pay his monthly restitution payments. The government opposes.

The applicable statutes required that Hunter be ordered to pay restitution to the companies he robbed without consideration of Hunter's ability to pay the amount of restitution ordered. The Mandatory Victims Restitution Act ("MVRA") provides that "when sentencing a defendant convicted of [a crime of violence], the court *shall* order . . . that the defendant make restitution to the victim of the offense[.]" 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(i) (emphasis added). A crime of violence includes any "offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" Id. § 16(a). Interference with interstate commerce by robbery is a crime of violence. United States v. Kennedy, 133 F.3d 53, 58 (D.C. Cir. 1998); see also 18 U.S.C. § 1951 (defining "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of

---

to pay a special assessment of $400.00. Id. at 7. 18 U.S.C. § 3013 requires that a court assess on any person convicted of a felony, $100 for each felony count. See 18 U.S.C. § 3013(a); see also Rutledge v. United States, 517 U.S. 292, 301 (1996) (noting that under 18 U.S.C. § 3013, federal district courts are required to impose a special assessment for every conviction). Thus, to the extent that Hunter seeks to vacate the special assessment order, his request will be denied.

another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession"). "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and *without consideration of the economic circumstances of the defendant*." 18 U.S.C. § 3664(f)(1)(A) (emphasis added).

Here, Hunter pled guilty to two counts of interference with interstate commerce by robbery. Specifically, Hunter admitted to robbing the Old Town Trolley Tours office while armed and threatening to kill an office employee if the employee did not empty the office safe. Hunter and his co-defendants fled the office with $6,833.00. Stmt. of Offense & Mem. in Supp. of Guilty Plea at 2-3. Hunter also admitted to robbing a Garda Cash Logistics armored truck by stealing $28,324.27 from the truck guard at gunpoint. Id. at 3-4. Because Hunter was convicted of crimes of violence, the MVRA required that restitution be ordered to each victim in the "full amount" of each victims' losses without consideration of Hunter's ability to pay. Accordingly, a restitution order in the amount of $6,833.00 to Old Town Trolley Tours and $28,324.27 to Garda Cash Logistics was required.

This court does not have the authority to grant Hunter's request to defer or change his monthly restitution payments.

"[T]he amount an inmate must pay under IFRP is a matter entrusted to the Executive Branch, and 'courts are not authorized to override the BOP's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation.'" United States v. Rush, 853 F. Supp. 2d 159, 162 (D.D.C. 2012) (quoting United States v. Sawyer, 521 F.3d 792, 794 (7th Cir. 2008)); see also United States v. Baldwin, 563 F.3d 490, 492 (D.C. Cir. 2009) (stating that the IFRP operates "under the exclusive control and authority of the Executive Branch"). However, a defendant may seek judicial review of his IFRP restitution payment amount after exhausting his administrative remedies. See Rush, 853 F. Supp. 2d at 162 (citing 28 C.F.R. § 542.10(a)). Here, Hunter has not shown that he exhausted all available administrative remedies before filing his motion. "Even if [Hunter] had exhausted all administrative remedies, the proper method for challenging how BOP is administering the IFRP in [his] case may not be a motion to the sentencing court, but rather a petition under 28 U.S.C. § 2241 in the district where [Hunter] is serving [his] sentence." United States v. Ayers-Zander, Criminal Action No. 11-280 (RWR), 2013 WL 2468300, at *1 (D.D.C. June 7, 2013).

Because Hunter has not shown that the restitution order was improper or that he is entitled to relief from his monthly restitution payments, it is hereby

ORDERED that Hunter's motion [108] to vacate or suspend his restitution obligation be, and hereby is, DENIED.

SIGNED this 13th day of August, 2013.

                                             /s/
                                  RICHARD W. ROBERTS
                                  Chief Judge